POWERS AND OTHERS V. HAMILTON.

September 9, 1915.

1. BILLS OF EXCEPTION—*Excluded Evidence—What Bill to Contain.*
   A bill of exception to the action of the court in refusing to
   allow a witness to answer a question is not sufficient when it
   does not show at what stage of the examination the question
   was asked, nor contain enough of the evidence to enable the
   court to obtain a clear understanding of the propriety or im-
   propriety of the ruling of the court.

2. WITNESSES—*Examination—Excluding Questions—When Harm-
   less.*—A party is not prejudiced by the refusal to permit a wit-
   ness to answer a question when the fact sought to be elicited
   is fully brought out by other questions asked the same wit-
   ness.

3. EVIDENCE—*Terms of Contract—Similar Contracts With Others.*—
   In an action by a treasurer against his deputy to recover for
   taxes collected by the latter, the deputy cannot give in evidence
   the contract he had with the former treasurer with reference
   to returning uncollected tickets, as such contract is imma-
   terial and does not tend to show what the contract was be-
   tween the plaintiff and the defendant.

4. PUBLIC OFFICERS—*Agreements Inconsistent With Duty.*—Any
   agreement by which a public officer places himself or is placed
   in a position which is inconsistent with his duties to the public,
   or has a tendency to induce him to violate such duties or to
   become remiss in their discharge is clearly illegal and void.

5. PUBLIC OFFICERS—*Deputy Treasurer—Penalties.*—The penalty
   imposed upon deputy treasurers by section 854 of the Code
   was for the express purpose of holding them to strict account,
   not for the benefit of the treasurer, but for the benefit of the
   public service.

6. DEPUTY TREASURER—*Defaults—Damages—Judgment—Code, Sec-
   tion 854—Appeal and Error.*—The damages given against
   deputy treasurers by section 854 of the Code do not continue
   after the rendition of the verdict. The judgment should in-
   clude the damages up to the date of the verdict, and the
   amount thus resulting as principal should bear interest at six

*per cent.* until paid.  A mistake of the trial court in rendering judgment for damages after the verdict may be corrected by this court under the provisions of section 3452 of the Code.

Error to a judgment of the Circuit Court of Wise county on a motion for a judgment.  Judgment for the plaintiff. Defendants assign error.

*Amended and affirmed.*

The opinion states the case.

*Bond & Bruce,* for the plaintiffs in error.

*Vicars & Peery,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

This is a proceeding by R. P. Hamilton, late treasurer of Wise county, in which he obtained a recovery against J. W. Powers, one of his deputies, and against the sureties upon the official bond of the said Powers for the amount of certain taxes and levies and ten *per cent.* interest thereon, under the provisions of section 854 of the Code.  This section, so far as material here, is as follows:

"If any such deputy shall fail to collect, or having collected fail to pay over to his principal any taxes or levies which he ought to have collected or may have received, he and his sureties shall be liable to such principal, upon motion, for the amount of the deficiency in said taxes or levies, together with damages thereon, at the rate of ten *per cent.* per month from the time such payment should have been made." 

The defendants pleaded the general issue and filed a special plea alleging that Powers had a contract with Hamilton, under the terms of which the latter was to take up

all uncollected tax tickets from Powers and that Powers was not to be liable for any such tickets.

The first assignment of error complains of the action of the court in refusing to allow the plaintiff on cross-examination to answer this question: "Now, you tried to get Mr. Powers to take this business on a commission, did you not, at first, and he refused to do so, and you hired him at $50.00 per month?"

The bill of exceptions upon which this assignment is based does not show at what stage of the examination this question was asked, nor does it contain enough of the evidence to enable this court to obtain a clear understanding of the propriety or impropriety of the ruling of the court, and we would be justified in disposing of it without further comment under the authority of *Jacobs* v. *Warthen,* 115 Va. 571, 80 S. E. 113, and cases there cited. We will add, however, that the refusal of the court to permit this question to be answered could not have prejudiced the defendants in view of the latitude allowed them in the cross-examination of the plaintiff as to the terms of the contract of employment which he had actually made. This clearly appears from bill of exceptions No. 1, in which all of the evidence is stated. It is suggested in the brief of counsel for defendants that the avowed answer to the above question would have tended to corroborate certain testimony of the defendant Powers. The question, however, was propounded to the plaintiff on cross-examination before the defendant had testified, and the occasion for corroboration could not at that time have arisen.

During the course of the cross-examination of the plaintiff he was asked this question: "You do not mean to say that he (Powers) bound himself to collect all of the tickets?" and the court refused to permit the witness to answer the question and stated, "that is a matter of law."

This ruling and this language constitute the subject of the second assignment of error.

The bill of exceptions upon which this assignment rests, like the first one noticed, sets out absolutely nothing with reference to the evidence except the question itself and the action of the court thereon. But dealing with it as with the first assignment, and viewing it in the light of all the evidence, there was no error. The court's statement in the abstract was correct. The duty of a deputy treasurer with reference to the tax tickets in his hands is, as a general proposition, "a matter of law," and it appears that almost immediately after the court refused to permit the above question to be answered and used the language above quoted, it did permit the defendants' counsel to fully examine the plaintiff and have him fully answer all about the terms of the contract and whether or not the defendant Powers did agree to collect all the tickets. In the course of that examination the court made the statement that "if there was nothing said about it the law directed what he should do." This statement of the court was entirely sufficient to explain the previous language and to prevent it from resulting in any prejudice to the defendant.

The third assignment of error complains of the refusal of the court to permit J. W. Powers to testify that when he settled with R. P. Barron (the predecessor of R. P. Hamilton and for whom he was deputy under a contract alleged to have been similar to that which was set up in the aforesaid special plea), the said Barron took back $155.93 in tax tickets and gave him credit for them, and that these same tickets were among those turned over to R. P. Hamilton by Barron and then again turned over to Powers. The contention is that this evidence was material to prove the terms of the contract and the character of the tax tickets that were placed in the hands of Powers for collection.

We are of opinion that any contract which the defendant Powers had with Barron was immaterial and could have had no proper place in this case as tending to show what the contract was between Hamilton and Powers. If Hamilton had turned over to Powers $155.93 of tax tickets or any other amount of tax tickets which could not under the law be collected by levy or returned delinquent, and the court had refused to allow the defendants to show that fact and had thus permitted Powers to be charged with tickets which from the beginning were known to be worthless for any purpose, it might have been prejudicial to the defendants: but it sufficiently appears from the record that the exact amount of the Barron tickets above mentioned were allowed by the jury as a credit upon the amount for which the plaintiff sued. In any view of the matter the defendants were not prejudiced by the exclusion of evidence relative to the Barron tickets. Moreover, this third assignment of error is subject to the same frailty as assignment No. 1. The bill of exceptions upon which it rests is fatally defective under the rule as stated in *Jacobs* v. *Warthen, supra.*

In disposing of the foregoing exceptions on their merits we do not abrogate or waive the important rule which they contravene. The evidence in this case is brief and the reason for the rule therefore not so urgent as in the average case.

Assignments of error Nos. 4 and 5 relate to the instructions of the court. These instructions were as follows:

### PLAINTIFF'S INSTRUCTIONS.

"I. The court instructs the jury that if they believe from the evidence in this case, the defendant, J. W. Powers, failed to collect, or having collected, failed to pay over to the plaintiff any taxes or levies which he ought to have

collected or may have received, they shall find for the plaintiff such amount as the defendant, J. W. Powers, failed to collect, or having collected, failed to pay over to the plaintiff, together with damages thereon at the rate of ten *per cent.* per month from the time such payment should have been made so that said damages shall not begin to run prior to January 1, 1912, the date from which damages are claimed in the notice of motion filed herein.

"II. The court instructs the jury that under the law, it was the duty of the defendant, J. W. Powers, late deputy for R. P. Hamilton, late treasurer for Wise county, to collect all of the tax tickets which were placed into his hands for collection which were not returned delinquent, and to account to the said R. P. Hamilton, late treasurer as aforesaid, therefor, and that the burden of proof is therefore upon the defendants to prove by a preponderance of the evidence that the defendant, J. W. Powers, had an agreement by which R. P. Hamilton was to take back from him all uncollected tax tickets and give him credit therefor; and if the jury do not believe that the defendants have proved by a preponderance of the evidence such an agreement, then they should find for the plaintiff and assess damages on the amount so found according to instruction number one given on behalf of the plaintiff in this case."

### DEFENDANTS' INSTRUCTION.

"The court tells the jury that if they believe from the evidence that the defendant and R. P. Hamilton made a contract by which Hamilton was to pay defendant $50.00 per month for collecting the tax tickets in question and that Hamilton was to take back the uncollected tax tickets at the termination of the work to be done under the said agreement, and that the defendant, Powers, paid Hamilton part of the amount due and returned tax tickets for the

balance which he owed said Hamilton they should find for the defendant."

In our view of this case these instructions are free from any error of which the defendants can complain. If they offend against any principle of law it is against that principle which denies validity to any contract tending to induce negligence or carelessness in public officials.

"The courts will unhesitatingly pronounce illegal and void, as being contrary to public policy, those contracts entered into by an officer or agent of the public which naturally tend to induce such officer or agent to become remiss in his duty to the public. Nor is it necessary for the officer or agent to bind himself to violate his duty to the public in order to bring such an agreement within the operation of the rule. Any agreement by which he places himself or is placed in a position which is inconsistent with his duty to the public and has a tendency to induce him to violate such duties, is clearly illegal and void." 2 Elliott on Contracts, sec. 706.

Deputy treasurers are public officers and the statute (sec. 854) was enacted for the express purpose of holding them to strict account, not for the benefit of the treasurer, but for the benefit of the public service, just as similar penalties are provided for and imposed upon the treasurer himself by sections 863 and 865.

It may, therefore, be questioned whether the instructions complained of did not go further in permitting the defendants to rely upon the special contract set up in the special plea than the policy and the provisions of the law would justify, but they are certainly free from error in so far as the defendants' rights are concerned. They expressly and distinctly authorized the jury to find for the defendants in case they believed from the evidence that

the special contract relied on was proved, and we think the record shows that the court gave them a free hand in their efforts to prove the contract.

Upon the last assignment of error, which is to the action of the court in refusing to set aside the verdict on the ground that it is contrary to the law and the evidence, it is sufficient to say that there was a full and fair hearing upon the defendants' theory, and, the jury having found against them upon that theory, the verdict ought not to be disturbed.

There is an error in the judgment which is not made the subject of any assignment of error and which, we think, can be properly corrected under the provisions of section 3452 of the Code. The verdict of the jury was as follows: "We, the jury, find for the plaintiff the sum of $305.55, with damages thereon at the rate of ten *per cent.* per month from the 1st day of January, 1912." In entering up judgment upon this verdict the court ordered "that the plaintiff recover of the defendants $305.55, the amount by the jury in this verdict ascertained, with interest thereon at the rate of 10% per month from the first day of January, 1912, until paid."

When this statute (sec. 854) was under consideration in the case of *Street* v. *Broaddus*, 96 Va. 825, 32 S. E. 466, this court said: "It is clearly for the jury to ascertain the amount of the deficiency, the date when the default occurs, and, upon the balance thus ascertained, to impose damages as provided in the section above cited. Those damages, we think, are to be embraced in the verdict, and upon the verdict it was the duty of the court to enter its judgment with interest at the rate of six *per cent,* for under the law the damages do not continue after the rendition of the verdict."

The judgment in the present case should include the damages at the rate of ten *per cent.* up to the date of the

verdict, and the amount thus resulting as principal should bear interest at the rate of six *per cent.* until paid. We will accordingly enter an order making this correction in the judgment, and as thus corrected it will be affirmed.

*Amended and affirmed.*